# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI SHUN JIN, et al.,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES,<br>    Respondent. | CV 22-7218 DSF (JEMx)<br><br>ORDER GRANTING MOTION<br>TO DISMISS (Dkt. 11) |

    Petitioners Hui Shun Jin and He Chun Zhao filed this Petition for Writ of Mandamus seeking to have the United States Citizenship and Immigration Services (USCIS) perform its "legal duty" in regard to Petitioners' former son-in-law Inki Yu. Dkt. 1 (Writ) at 7 and ¶¶ 13, 31. Respondent filed a Motion to Dismiss. Dkt. 11 (Mot.). Petitioners oppose. Dkt. 12 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below the Motion is GRANTED.

    On March 18, 2019, while awaiting deportation proceedings, Yu married Petitioners' daughter "so as to adjust his illegal status." Id. ¶¶ 6-7. In the course of his marriage to the Petitioners' daughter, Yu threatened Petitioners and their daughter to obtain approximately $600,000 from Petitioners. Id. ¶¶ 9-13, 27-30. Petitioners state that their daughter is Yu's hostage. Id. ¶¶ 17, 19. On August 30, 2021, Petitioners informed both USCIS and the FBI-Los Angeles Field Office of Yu and the issues they had with him. Id. ¶¶ 14, 32. The Petitioners are still being threatened by Yu. Id. ¶ 37.

The Mandamus Act, 28 U.S.C. § 1361, vests district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

> Mandamus is available only when (1) the plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. If a plaintiff has no legal entitlement to the relief sought, a "clear and certain" claim cannot exist, and the writ will not lie.

Lowry v. Barnhart, 329 F.3d 1019, 1021 (9th Cir. 2003) (citation and quotation marks omitted). A petitioner must allege facts to support each element. Stang v. Internal Revenue Serv., 788 F.2d 564, 565 (9th Cir. 1986). Even if all three elements are satisfied, trial courts have discretion to grant or deny the requested relief. Oregon Natural Resources Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995).

USCIS moves to dismiss Petitioners' claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Mot. at 6. The Court agrees that Petitioners fail to allege facts demonstrating a clear and certain claim that they have a "legal entitlement to the relief sought." Lowry, 329 F.3d at 1021; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (A complaint must "state a claim to relief that is plausible on its face."). Petitioners do not allege any specific statutory or regulatory duty that USCIS owed Petitioners but failed to perform. It is not even clear from the Writ exactly what type of action Petitioners wanted USCIS to take, much less whether USCIS owed Petitioners a legal duty to perform such action. At various points Petitioners blame USCIS for not arresting Yu for being in the country illegally. Writ ¶¶ 13, 31. But in briefing, Petitioners note that Yu is authorized "as a permanent legal resident to the state." Opp'n at 5. Under the prayer for relief, Petitioners ask that USCIS perform "their legal duty in their jurisdiction" and "[s]ave petitioners' life and release their only daughter." Id. at 7. Petitioners also generically state that USCIS "did not perform its duty to protect citizens." Id. ¶ 3. None of

this makes it clear what action Petitioners want USCIS to perform. And it is far from clear and certain that Petitioners are owed such relief.

Even if the Court were to construe the Writ as alleging that USCIS had a legal duty to deport Yu, the claim would fail. Setting aside that USCIS is not the agency is charge of deportations, there is no private right of action to compel removal proceedings. 8 U.S.C. §1229(d)(2); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). And "it is beyond serious dispute that mandamus is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action." Ma v. Jaddou, CV 22-4210 MWF (KSx), 2022 WL 17254783, at *2 (C.D. Cal. Sept. 26, 2022) (quotation marks and alterations omitted). A writ to compel deportation proceedings of another individual cannot lie.

Respondent's Motion to Dismiss is GRANTED. Although it is likely amendment would be futile, Petitioners are granted leave to amend the Writ in conformity with this Order and the additional issues raised by USCIS if they can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. An amended writ may be filed and served no later than August 14, 2023. Failure to file an amended writ by that date will waive their right to do so and the suit will be dismissed with prejudice. Petitioners must provide a redlined version of the amended Writ to the Court's generic chambers email.

IT IS SO ORDERED.

Date: July 13, 2023

Dale S. Fischer
United States District Judge